IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



| | | |
|---|---|---|
| MELVIN A. ST. AMANT, CHESTER B., HAMMOND, individually and on behalf of all persons similarly situated, | § § § § | |
| PLAINTIFFS, | § § | Complaint—Collective Action<br>Civil Action No. 1:14cv174 HSO-RHW |
| v. | § § | |
| KNIGHTS' MARINE AND INDUSTRIAL SERVICES, INC., DAVID KNIGHT, & BRIAN KNIGHT | § § § § | |
| DEFENDANTS. | § | |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Melvin A. St. Amant and Chester B. Hammond are residents of Mississippi and former employees of the Defendants, Knights' Marine and Industrial Services, Inc., David Knight, and Brian Knight (collectively, "Defendants"). Plaintiffs have filed this action for themselves individually, and on behalf of all similarly situated current and former employees against Defendants for past and ongoing wages owed in the nature of unpaid overtime and injunctive relief, as well as other damages and remedies. Plaintiffs contend that Defendants violated and continue to violate the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.* The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

3. At all relevant times herein, Defendants' business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4. At all pertinent times herein, Defendants employed and continue to employ persons in its place of business in furtherance of the activities of the above enterprise while engaged in commerce and, also at all relevant times herein, Defendants engaged and continue to engage in commerce by handling, selling, and/or working on goods or materials that have been produced for commerce.

## RELEVANT TIME PERIOD

5. The FLSA permits Plaintiffs to recover unpaid wages and liquidated damages for up to three years prior to the commencement of their lawsuit and the period of additional time, if any, that Plaintiffs and other similar situated employees' claims were tolled and extended by agreement of Defendants, by equity, or by operation of law.

## PARTIES

6. Plaintiff Melvin St. Amant is an individual residing at 7117 Dewberry Street in Ocean Springs, Mississippi. He was formerly employed with Knight Marine and Industrial Services, Inc.

7. Plaintiff Chester B. Hammond is an individual currently residing at 2911 Alpine Avenue Apartment 8 in Pascagoula, Mississippi. He was formerly employed with Knight Marine and Industrial Services, Inc.

8. Defendant Knight Marine and Industrial Services, Inc., ("KMIS") is a business incorporated under the laws of Mississippi with offices in Moss Point, Mississippi and Tampa, Florida. According to its website, it hires employees for multiple job locations in Mississippi, Louisiana,

Alabama, and Florida. KMIS maintains a principal office located at 3421 Industrial Road in Pascagoula, Mississippi 39581. KMIS may be served through its registered agent and co-Defendant, David E. Knight.

9. According to filings with the Secretary of State, Brian K. Knight is President and Secretary of KMIS, and maintains an office at 9232 Rock Hill Drive in Vancleave, Mississippi. According to the KMIS website, Mr. Brian Knight exercises operational control and is involved in the daily operations of KMIS, including welding, project estimates, quality control, contract negotiations, and employee benefits.

10. According to filings with the Secretary of State, David E. Knight is Vice-President and Treasurer of KMIS and, as the registered agent of KMIS, maintains offices at 2900 Colmer Road in Moss Point, Mississippi and at 4500 Shattles Lane in Moss Point, Mississippi. According to the KMIS website, Mr. David Knight exercises operational control and is involved in the daily operations of KMIS, including welding, project estimates, quality control, contract negotiations, and employee benefits.

## THE CLASS DEFINITION

11. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of potential opt-in litigants: all individuals employed within the last three years by the Defendants, who were paid a regular hourly rate and regular hourly per diem without receiving overtime compensation at one-and-a-half times their regular rate for hours worked in excess of forty during a single workweek, including but not limited to, structural welders, pipe welders, pipefitters, shipfitters, electricians, outside machinists, etc. Plaintiffs aver that such individuals are "similarly-situated" for the purposes of this FLSA collective action because said

individuals were and are subject to a common policy, plan, and design that stretches across Defendants' operations, departments, and locations.

## FACTS

12. Defendant KMIS, a privately held corporation, supplies a variety of skilled craftsmen to support ongoing projects in Mississippi, Louisiana, Alabama, and Florida. In particular, Defendant KMIS subcontracts with various shipyards and other marine and industrial companies to provide the services of structural welders, shipfitters, pipe welders, pipefitters, electricians, and outside machinists.

13. Defendant KMIS advertises that its employees regularly receive hourly wages between twenty-two (22) and twenty-seven (27) dollars per hour.

14. Plaintiff, Melvin St. Amant, was employed as a structural welder for the Defendant KMIS for $22 per hour from May 2013 through February 2014. The position was advertised as paying $22.00 per hour; however, his hourly wage was split into two checks—one check for $11 per regular hour worked and $16.50 for overtime hours worked, and another $11 "per diem" check per hour for all hours worked, including overtime. Plaintiff Melvin St. Amant regularly worked overtime for the Defendants.

15. Plaintiff, Chester B. Hammond, was employed as a structural welder for the Defendant KMIS off and on for the last five years until his termination in or around November 2013. His position was advertised as paying $22.00 per hour. Beginning in April 2012, he paid $11 per hour plus $16.50 per hour for overtime. He was also paid $11 "per diem" per hour for all hours worked, including overtime. Similar to Plaintiff Melvin St. Amant, Plaintiff Chester B. Hammond received two checks—one for hours worked at $11 per hour plus $16.50 per overtime hour, and another $11 "per diem" per hour for all hours worked. In or around February 2013, his pay was increased to

$12 per hour, $18 per overtime hour, and $12 "per diem" per hour for all hours worked. Mr. Hammond regularly worked overtime for the Defendants.

16. The work of the Plaintiffs is directed and controlled by the Defendants and its employees.

17. The named Plaintiffs are situated similarly to a number of current and former employees of the Defendants who work or have worked in similar non-exempt positions during the three years immediately preceding the filing of this lawsuit.

18. The unnamed Plaintiffs have the same or closely similar job duties as the named Plaintiffs and all Plaintiffs were paid by the Defendants in the same manner in violation of the FLSA. Accordingly, the named Plaintiffs are representative of all Plaintiffs employed by the Defendants and subjected to the common policy, plan and design to violate the FLSA.

19. Based upon Defendants' uniform practice and pay system, Plaintiffs who worked hours in excess of forty (40) per week were not paid overtime based upon one and one half times their regular rate of pay, which "regular rate" should have included all hourly "per diems."

20. The terms and conditions of employment the Defendants that applied to the named Plaintiffs were similarly applied to the other employees and unnamed Plaintiffs were paid in a similar fashion for work they performed for the Defendants.

## COUNT 1 – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

21. Plaintiff hereby incorporate paragraphs 1 through 20 by reference.

22. At all relevant times, Plaintiffs were non-exempt employees as defined in the FLSA, 29 U.S.C. §§ 203(e), 207, 213, and were entitled to be paid time and one-half for all hours worked in excess of forty per week in accordance with the FLSA overtime provisions, 29 U.S.C. § 207.

23. At all relevant times, Defendants were employers as defined in the FLSA, 29 U.S.C. §201(d).

24. There are numerous other similarly-situated employees and former employees of the Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and deserve an opportunity to "opt-in" to recover unpaid overtime wages. Those similarly-situated employees are known to the Defendants and remain readily identifiable and locatable through their records. Specifically, all current and former employees of the Defendant who, within the last three years, have worked without receiving one and one-half times their regular rate for hours worked in excess of forty during one week as structural welders, pipe welders, pipefitters, shipfitters, electricians, outside machinists, etc.

25. At all material times herein, Plaintiffs and others similarly-situated have been entitled to the rights, protections, and benefits provided under the FLSA.

26. Defendants violated the FLSA by failing to pay overtime compensation at the appropriate rate to the named Plaintiffs as well as others similarly-situated. 29 U.S.C. § 207, 215(a)(2), 216(b).

27. The FLSA regulates, among other things, the payment of overtime compensation by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

28. Defendants were, and are, subject to the overtime pay requirements of the FLSA.

29. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to the Plaintiffs. Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA; in particular, one and one-half times the regular rate for all hours worked in excess of forty during the workweek.

30. Defendants' failure to accurately pay overtime was, and is, willfully perpetrated. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not in violation of the FLSA. As a result thereof, overtime compensation has been intentionally, willfully, and unlawfully withheld by the Defendants, and Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

31. Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate as well as reimbursement of their costs, reasonable attorneys' fees, and expenses incurred.

32. Pursuant to 29 U.S.C. § 217, Plaintiffs, individually and on behalf of all those similarly-situated, respectfully request an injunction to prohibit current, ongoing and future violations of the FLSA by the Defendants and restrain the Defendants from withholding back wages determined to be due to Plaintiffs and unnamed Plaintiffs for Defendants' intentional, willful, and unlawful violations of the FLSA.

**WHEREFORE,** the Plaintiffs, individually and on behalf of all others similarly situated, respectfully pray;

    a. That at the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all Defendants' employees in all locations within the United States during the three years immediately preceding the filing of their suit and to all other potential Plaintiffs who may be similarly-situated informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked overtime but were not paid proper compensation and benefits pursuant to 29 U.S.C. § 216(b).

b. That the Plaintiffs be awarded damages in the amount of unpaid overtime compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

c. That Plaintiffs be awarded their reasonable attorneys' fees, including the costs and expenses of this action, 29 U.S.C. 216(b); and

d. That the Plaintiffs be awarded such other legal and equitable relief, including but not limited to, any other injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted, this the 21st day of April 2014.

> PLAINTIFFS, MELVIN A. ST. AMANT and
> CHESTER B. HAMMOND
>
> _____
> JOSEPH A. LoCOCO, Bar No. 9537
> VIRGINIA L. LoCOCO, Bar No. 8483
> STEVEN N. NEWTON, Bar No. 104362
> LoCoco and LoCoco, P.A.
> Post Office Box 6014
> D'Iberville, MS 39540
> Tel. No. (228) 392-3799;
> Fax No. (228) 392-3890
> joe.lococo@lococolaw.com
> virginia.lococo@lococolaw.com
> steven.newton@lococolaw.com