IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| MELVIN A. ST. AMANT, CHESTER B. HAMMOND, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KNIGHTS' MARINE AND INDUSTRIAL SERVICES, INC., DAVID KNIGHT & BRIAN KNIGHT,<br><br>Defendants. | Civil Action No.: 1-14-cv-00174<br><br>Judge H. Sul Ozerden<br>Magistrate Judge: Robert H. Walker |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF AND PREJUDGMENT INTEREST**

COMES NOW, Defendants Knights Marine and Industrial Services, Inc., David Knight, and Brian Knight, (collectively "Knight"), by and through their attorneys, FRILOT L.L.C., who file this Memorandum in Support of Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims for Injunctive Relief and Prejudgment Interest, and for cause would show unto the Court that:

1.

The Court should dismiss Plaintiffs' claims for injunctive relief because they are individuals and have no private right to bring a claim for injunctive relief under Section 217 of the Fair Labor Standards Act ("FLSA"); and

2.

Likewise, the Court should dismiss Plaintiffs' claims for prejudgment interest because prejudgment interest is not allowed for claims brought pursuant to Section 216(b) of the FLSA.

I.   BACKGROUND

On April 21, 2014, Plaintiffs Melvin St. Amant ("St. Amant") and Chester B. Hammond ("Hammond") filed a Collective Action Complaint under the FLSA against Defendants in the United States District Court for the Southern District of Mississippi.  Rec. Doc. 1.

Plaintiffs allege that their Complaint was filed on behalf of themselves individually and on behalf of all similarly-situated current and former employees of Knight for "past and ongoing wages owed in the nature of unpaid overtime and injunctive relief" for "structural welders, pipe welders, pipefitters, shipfitters, electricians, outside machinists, etc." *Id*. at pp. 1, 3.  Plaintiffs allege Defendants willfully failed to pay overtime compensation at the appropriate rate of 1.5 times the regular rate of pay because Defendants did not include the per diems it paid to employees as part of the regular rate of pay in violation of Section 207 (29 U.S.C. § 207) of the FLSA.[1]  *Id*. at pp. 5, 7.

Pursuant to 29 U.S.C. §§ 216 and 217, Plaintiffs allege they are entitled to unpaid overtime, liquidated damages, prejudgment interest, injunctive relief, reasonable attorney's fees, expenses, and costs.  *Id*. at pp. 7 - 8.

Plaintiff, St. Amant makes allegations in his behalf:  he was employed by Defendants as a structural welder from May 2013 to February 2014, was paid $11 per regular hour, worked an additional $11 per hour worked as a per diem, *Id*. at p. 4, and paid $16.50 for each overtime hour he worked.  *Id*.

Plaintiff Hammond has similar individual claims to those of St. Amant:  he was employed by Defendants as a structural welder "off and on for the last five years until his termination in or around 2013" and that beginning in April 2012 and ending "[i]n or around

---

[1] For the record, Defendants deny that any of their former and/or current pay practices violate any provisions of the FLSA.

February 2013," Hammond was paid $11 per regular hour worked, an additional $11 per hour worked as a per diem, and $16.50 per hour for each overtime hour he worked. *Id*. Hammond further alleges that beginning in February 2013, he was paid $12 per regular hour worked and an additional $12 per hour worked as a per diem. *Id*. at pp. 4-5, and also paid $18 for each overtime hour he worked during that period. *Id*.

## II.   LAW AND ANALYSIS

### A.   Legal Standard for a Rule 12(b)(6) on Motions to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002). Though a complaint need not contain "detailed" factual allegations, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted); *Gulf Coast Hotel–Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011). Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). Nevertheless, a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is

improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

  **B.**  **Plaintiffs' Claims for Injunctive Relief Should be Dismissed**

  The FLSA generally requires that employers pay their nonexempt employees 1.5 times the employee's regular rate of pay for hours worked in excess of 40 hours per week. *See* 29 U.S.C. § 207 (maximum hours provision of the FLSA). Pursuant to Section 216(b) of the FLSA, employees may bring lawsuits against their employers who violate this requirement for the amount of his or her unpaid overtime compensation, liquidated damages, and reasonable attorney's fees and costs. 29 U.S.C. § 216(b) ("Any employer who violates the provision[] of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

  However, claims for injunctive relief pursuant to Section 217 of the FLSA may only be brought by the United States Secretary of Labor. 29 U.S.C. § 211(a) ("Except as provided in section 212 of this title [related to child labor], the Administrator shall bring all actions under section 217 of this title to restrain violations of this chapter."); *Powell v. Florida*, 132 F.3d 677, 678-79 (11th Cir. 1998) ("[W]e follow the decisions of the other circuits which have held that the plain language of the [FLSA] provides that the Secretary of Labor has the exclusive right to bring an action for injunctive relief.") (citations omitted); *Barrentine v. Arkansas–Best Freight System*, 750 F.2d 47, 51 (8th Cir. 1984) ("Courts are in agreement that under this scheme an employee's action can be maintained only to recover back wages and liquidated damages and not to obtain injunctive relief against future violations; only the Secretary [of Labor] is vested with

the authority to seek an injunction.") (citations omitted); *Roberg v. Phipps Estate*, 156 F.2d 958, 963 (2d Cir. 1946) ("[Section 211(a)] explicitly vests the right of action for injnction in the Administrator alone.") (citations omitted); *Bowe v. Judson C. Burns, Inc.*, 137 F.2d 37, 39 (3d Cir. 1943) ("We think it is plain from this language that the right of the administrator to bring an action for injunctive relief is an exclusive right. Employee actions may be maintained only under Section 16(b) to recover back wages and liquidated damages. We conclude therefore that the court below may not restrain the defendants as sought by the plaintiffs."); *United Food & Commercial Workers Union, Local 1564 of New Mexico v. Albertson's, Inc.*, 207 F.3d 1193, 1197–98 (10th Cir. 2000) ("The right, however, to sue for injunctive relief under the FLSA rests exclusively with the federal government.") (citations omitted); *Heitmann v. City of Chicago*, 560 F.3d 642, 644 (7th Cir. 2008) ("Injunctive relief under § 217 is permissible only in suits by the Secretary of Labor.") (citations omitted).

Plaintiffs allege they are entitled to injunctive relief to "prohibit current, ongoing and future violations of the FLSA by the Defendants . . . ." Rec. Doc. No. 1, at p. 7. However, as noted above, claims for injunctive relief under Section 217 may only be brought by the United States Secretary of Labor. Therefore, as individuals, Plaintiffs fail to state a claim for injunctive relief under Section 217, and their claims for injunctive relief should be dismissed.[2]

### C. Plaintiffs' Claims for Prejudgment Interest Should be Dismissed

Pursuant to Section 216(b) of the FLSA (as noted above), employees may bring lawsuits against their employers who violate the FLSA's overtime pay provisions and seek recovery of the amount of his or her unpaid overtime compensation, liquidated damages, and reasonable

---

[2] Even assuming employees have the right to seek injunctive relief under the FLSA (which they do not), Plaintiffs still lack standing to seek an injunction in this case. Plaintiffs are, as alleged, no longer employed by Defendants. Therefore, Plaintiffs lack any interest in restraining Defendants from any alleged current or future violations of the FLSA.

attorney's fees and costs. 29 U.S.C. § 216(b). While the Secretary of Labor has standards to recover on claims for prejudgment interest under Section 217 of the FLSA, employees may not. See Section 216(b) of the FLSA. *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 357 (5th Cir. 1990) ("[P]rejudgment interest is not available for [section] 216 claims."); *Knowlton v. Greenwood Indep. Sch. Dist.*, 957 F.2d 1172, 1183 (5th Cir. 1992) ("Concerning such interest, this circuit has created a distinction between claims under 29 U.S.C. § 216 (action to recover unpaid minimum wages, unpaid overtime compensation and liquidated damages), and § 217 (injunction). Prejudgment interest is not available in the former; it may be available for the latter.") (citations omitted); *Reich v. Tiller Helicopter Servs., Inc.*, 8 F.3d 1018, 1031 (5th Cir. 1993) ("[T]his court has consistently refused to allow prejudgment interest in actions brought under § 216 regardless of whether liquidated damages were actually awarded, but has allowed prejudgment interest in § 217 actions, in which liquidated damages cannot be recovered.") (citations omitted); *Ramirez v. Lone Star Pediatrics, P.A.*, No. 3:13-CV-2035-L, 2014 WL 1281510, at *5 (N.D. Tex. Mar. 31, 2014) (citations omitted); *Saldana v. Zubha Foods, LLC*, No. 13-CV-00033-DAE, 2013 WL 3305542, at *8 (W.D. Tex. June 28, 2013) (citations omitted); *Riddle v. Tex-Fin, Inc.*, No. H-08-3121, 2011 WL 1103033, at *13 (S.D. Tex. Mar. 22, 2011) (citations omitted); *The American Federation of State, County and Municipal Employees v. Louisiana*, No. 90-4389, 2001 WL 29999, at *16 (E.D. La. Jan. 9, 2001) (citations omitted).

As noted in Section II(B) above, Plaintiffs lack standing to seek injunctive relief under Section 217 of the FLSA. Therefore, Plaintiffs' remaining claims arise solely from Section 216(b) of the FLSA. Because Plaintiffs fail to state a claim for prejudgment interest under Section 216(b), upon which relief can be granted, Plaintiffs' claims for prejudgment interest should be dismissed.

## III. CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' claims for injunctive relief and prejudgment interest.

Dated:  September 17, 2014          Respectfully Submitted,

By: *s/ Campbell E. Wallace*
Campbell E. Wallace (MS Bar No.: 101635)
FRILOT L.L.C.
3700 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3700
Phone:    (504) 599-8000
Facsimile:  (504) 599-8100
E-mail:    cwallace@frilot.com
LOCAL COUNSEL FOR DEFENDANTS,
KNIGHTS MARINE AND INDUSTRIAL
SERVICES, INC., DAVID KNIGHT,
AND BRIAN KNIGHT

Leslie W. Ehret, *Pro Hac Vice*
Heather McArthur, *Pro Hac Vice*
James R. Parish, *Pro Hac Vice*
FRILOT L.L.C.
3700 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3700
Phone:    (504) 599-8000
Facsimile:  (504) 599-8100
lehret@frilot.com
hmcarthur@frilot.com
jparish@frilot.com
LEAD COUNSEL FOR DEFENDANTS,
KNIGHTS MARINE AND INDUSTRIAL
SERVICES, INC., DAVID KNIGHT,
AND BRIAN KNIGHT

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of September, 2014, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

Joseph A. Lococo #9537
Virginia L. Lococo #8483
LOCOCO AND LOCOCO, P.A.
Post Office Box 6014
D'Iberville, Mississippi 39540
Phone: (228) 392-3799
Facsimile: (228) 392-3890
E-mail:
joe.lococo@lococolaw.com
virginia.lococo@lococolaw.com

ATTORNEYS FOR PLAINTIFF

                                                    *s/Campbell E. Wallace*

727393